FILED
2026 Jul-16 PM 03:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| DAMIAN STEELE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 7:26-cv-00343-EGL |
| | * | |
| CITY OF YORK, ALABAMA, and | * | |
| WILLIE LAKE, in his individual capacity, | * | |
| | * | |
| Defendants. | * | |

## ANSWER

COMES NOW one of the Defendants, Willie Lake, by and through the undersigned counsel, and submits the following as his answer to the first amended complaint (Doc 2) (hereinafter, "the complaint") filed by Plaintiff Damian Steele ("Plaintiff"):

### I.    PARTIES

1.    This Defendant admits that Damien Steele is the Chief of Police for the City of York, Alabama. This Defendant denies the remaining allegations paragraph 1 of the complaint and demands strict proof thereof.

2.    This Defendant admits that the City of York is a municipal corporation and political subdivision organized under the laws of the State. This Defendant further admits that the City may be sued pursuant to 42 U.S.C. § 1983. This Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 2 of the complaint and, therefore, denies those allegations and demands strict proof thereof.

3.    This Defendant admits that he was previously Mayor of the City of York and, in that capacity, was one of Plaintiff's supervisors; however, this Defendant was not the final decisionmaker in Plaintiff's employment. This Defendant further admits that he always acted

under the color of state law and within his discretionary authority as the Mayor of the City of York while in office. This Defendant admits that he is being sued solely in his individual capacity, pursuant to 42 U.S.C. § 1983 but denies any and all wrongdoing and demands strict proof thereof. This Defendant further denies the remaining allegations of paragraph 3 of the complaint and demands strict proof thereof.

## II.   JURISDICTION AND VENUE

4.      No answer is required of this Defendant as to paragraph 4 of The complaint.

5.      This Defendant admits that this Court has original jurisdiction over Plaintiff's § 1983 claims alleging violations of the United States Constitution. This Defendant denies that this Court has supplemental jurisdiction, as the complaint does not assert any state-law claims.   This Defendant further denies that this Court has jurisdiction over Plaintiff's Title VII claims. *See* 42 U.S.C. § 2000e-5 (f)(1) ("In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent in the appropriate United States district court. The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision." Moreover, to the extent the complaint alleges any claims against this Defendant under Title VII, the Court lacks subject-matter jurisdiction over those claims, as "[i]ndividual capacity suits under Title VII are... inappropriate. The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (per curiam).

6.      This Defendant admits that venue is proper in the United States District Court for the Northern District of Alabama, Western Division. This Defendant denies the remaining allegations contained in paragraph 6 of the complaint and demand strict proof thereof.

### III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES AND CONDITIONS PRECEDENT (TITLE VII)

7.      This Defendant admits that Plaintiff sent a letter dated October 22, 2025 to the EEOC Birmingham District Office purporting to allege "retaliation" and "hostile work environment" against the City of York, Willie Lake, and "the York City Council" with the. This Defendant did not become aware of the letter or the allegations contained therein until he was served with this civil lawsuit on June 25, 2026. This Defendant denies the allegations of the letter to the EEOC and the remaining allegations of paragraph 7 of the complaint and demands strict proof thereof.

8.      This Defendant admits that Plaintiff received a letter from an Equal Employment Opportunity Commission investigator on December 1, 2025 dismissing Plaintiff's charge and stating that the EEOC would not be proceeding with its investigation of Plaintiff's allegations and would not be making a determination of about whether further investigation would establish Title VII violations. This Defendant denies the remaining allegations of paragraph 8 and explicitly that receipt of this letter establishes jurisdiction over Plaintiff's Title VII claims and demands strict proof thereof.

9.      This Defendant denies paragraph 9 of the complaint and demands strict proof thereof..

### IV.    <u>INTRODUCTION</u>

10.     This Defendant denies paragraph 10 of the complaint and demands strict proof thereof.

11.     This Defendant denies paragraph 11 of the complaint and demands strict proof thereof.

### V.    <u>FACTUAL ALLEGATIONS</u>

**A.      Employment and background**

12.     This Defendant admits that Plaintiff became the chief of police on February 26, 2024, and that this Defendant was one of Plaintiff's supervisors; however, this Defendant was not the final decisionmaker in Plaintiff's employment. This Defendant denies any liability or wrongdoing that may be alleged in paragraph 12 of the complaint and demands strict proof thereof.

13.     This Defendant denies paragraph 13 of the complaint and demands strict proof thereof.

14.     This Defendant admits there were disagreements in Plaintiff's performance as Police Chief. This Defendant denies the remainder of paragraph 14 of The complaint and demands strict proof thereof.

**B.     May 19, 2025 termination attempt and escalation of retaliatory conduct**

15.     Admit.

16.     Admit.

17.     This Defendant denies paragraph 17 of the complaint and demands strict proof thereof.

**C.     Payroll manipulation and denial of benefits**

18.     This Defendant denies paragraph 18 of the complaint and demands strict proof thereof.

19.     This Defendant denies paragraph 19 of the complaint and demands strict proof thereof.

20.     This Defendant denies paragraph 20 of the complaint and demands strict proof thereof.

21.     This Defendant denies paragraph 21 of the complaint and demands strict proof thereof.

22.     This Defendant denies paragraph 22 of the complaint and demands strict proof thereof.

**D.     Interference with operations, resources, and statutory duties**

23.     This Defendant denies paragraph 23 of the complaint and demands strict proof thereof.

24.     This Defendant admits that a police officer's employment was terminated on or about May 30, 2025, and that Defendant was not the final decision maker. This Defendant denies the remaining allegations of paragraph 24 of the complaint and demands strict proof thereof.

25.     This Defendant admits that Plaintiff communicated with the City Council regarding various items. This Defendant denies the remaining allegations of paragraph 25 of the complaint and demands strict proof thereof.

26.     This Defendant denies paragraph 26 of the complaint and demands strict proof thereof.

27.     This Defendant denies paragraph 27 of the complaint and demands strict proof thereof.

28.     This Defendant denies paragraph 28 of the complaint and demands strict proof thereof.

29.     This Defendant admits that Plaintiff voiced his opposition. This Defendant denies the remaining allegations of paragraph 29 of the complaint and demands strict proof thereof.

30.     This Defendant denies paragraph 30 of the complaint and demands strict proof thereof.

**E.     False criminal accusations and public defamation**

31.     This Defendant denies paragraph 31 of the complaint and demands strict proof thereof.

32.     This Defendant denies paragraph 32 of the complaint and demands strict proof thereof.

33.     This Defendant admits that criminal charges were not pursued against Plaintiff. This Defendant denies the remaining allegations of paragraph 33 and demands strict proof thereof.

34.     This Defendant denies paragraph 34 of the complaint and demands strict proof thereof.

**F.     Protected activity and harm; post-charge interference with records**

35.     This Defendant denies paragraph 35 of the complaint and demands strict proof thereof.

36.     This Defendant denies paragraph 36 of the complaint and demands strict proof thereof.

37.     This Defendant denies paragraph 37 of the complaint and demands strict proof thereof.

38.     This Defendant denies paragraph 38 of the complaint and demands strict proof thereof.

39.     This Defendant denies paragraph 39 of the complaint and demands strict proof thereof.

**VI.     CLAIMS FOR RELIEF**
**COUNT I – RETALIATION IN VIOLATION OF TITLE VII**
**(42 U.S.C. §2000E-3(a)) (Against Defendant City of York)**

40.    No answer is required of this Defendant as to paragraph 40 of the complaint.

41.    This Defendant denies paragraph 41 of the complaint and demands strict proof thereof.

42.    This Defendant denies paragraph 42 of the complaint and demands strict proof thereof.

43.    This Defendant denies paragraph 43 of the complaint and demands strict proof thereof.

44.    This Defendant denies paragraph 44 of the complaint and demands strict proof thereof.

45.    This Defendant denies paragraph 45 of the complaint and demands strict proof thereof.

46.    This Defendant denies paragraph 46 of the complaint and demands strict proof thereof.

## COUNT II  RETALIATORY HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII (Against Defendant City of York)

47.    No answer is required of this Defendant as to paragraph 47 of The complaint.

48.    This Defendant denies paragraph 48 of the complaint and demands strict proof thereof.

49.    This Defendant denies paragraph 49 of the complaint and demands strict proof thereof.

50.    This Defendant denies paragraph 50 of the complaint and demands strict proof thereof.

## COUNT III- FIRST AMENDMENT RETALIATION (42 U.S.C. §1983) (Against Defendant Willie Lake, Individual Capacity)

51.    No answer is required of this Defendant as to paragraph 51 of the complaint.

52.    This Defendant denies paragraph 52 of the complaint and demands strict proof thereof.

53.    This Defendant denies paragraph 53 of the complaint and demands strict proof thereof.

54.    This Defendant denies paragraph 54 of the complaint and demands strict proof thereof.

55.    This Defendant admits that he acted under the color of state law and exercised his discretionary authority as the Mayor of the City of York while in office. This Defendant denies the remaining allegations of paragraph 55 of the complaint and demands strict proof thereof.

56.    This Defendant denies paragraph 56 of the complaint and demands strict proof thereof.

57.    This Defendant denies paragraph 57 of the complaint and demands strict proof thereof.

58. This Defendant denies paragraph 58 of the complaint and demands strict proof thereof.

## COUNT IV – MUNICIPAL LIABILITY *(MONELL)* (42U.S.C. §1983)
### (Against Defendant City of York)

59. No answer is required of this Defendant as to paragraph 59 of The complaint.

60. This Defendant denies paragraph 60 of the complaint and demands strict proof thereof.

61. This Defendant denies paragraph 61 of the complaint and demands strict proof thereof.

62. This Defendant denies paragraph 62 of the complaint and demands strict proof thereof.

63. This Defendant denies paragraph 63 of the complaint and demands strict proof thereof.

64. This Defendant denies paragraph 64 of the complaint and demands strict proof thereof.

## VII.    PRAYER FOR RELIEF

This Defendant denies the Plaintiff's prayer for relief and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. This Defendant affirmatively pleads qualified immunity.

2. This Defendant affirmatively pleads the general issue.

3. This Defendant affirmatively pleads that Plaintiff cannot establish a viable claim under Title VII.

4. This Defendant affirmatively pleads that he did not retaliate against Plaintiff.

5. This Defendant affirmatively pleads that he did not violate the United States Constitution or any other law.

6. This Defendant affirmatively pleads that Plaintiff's constitutional rights were not violated.

7. This Defendant affirmatively pleads that he is not subject to liability pursuant to Title VII.

8. These Defendant affirmatively pleads that Plaintiff did not suffer and adverse employment action.

9. This Defendant affirmatively pleads that any damages awarded in this case are limited and restricted by statute.

10. This Defendant affirmatively pleads that punitive damages are not recoverable against a municipality and its agents.

11. This Defendant affirmatively pleads that his actions were not the proximate cause of Plaintiff's alleged injuries and damages.

12. This Defendant affirmatively pleads that his actions were taken in good faith for good cause.

13. This Defendant affirmatively pleads that Plaintiff cannot show a policy or custom was the moving force behind any alleged violation.

14. This Defendant affirmatively pleads that the Court lacks subject matter jurisdiction over one or more of Plaintiff's causes of action.

15. This Defendant affirmatively pleads failure to exhaust administrative remedies.

16. This Defendant affirmatively pleads failure to meet the conditions precedent to bring a Title VII action.

17. This Defendant affirmatively pleads failure to state a viable claim under 42 U.S.C. § 1983. This Defendant affirmatively pleads the law as not clearly established.

18. This Defendant affirmatively pleads that Plaintiff's alleged speech was not a matter of public concern.

19. This Defendant affirmatively pleads that Plaintiff's alleged speech was not constitutionally protected.

20. This Defendant affirmatively pleads that his actions were not final, and therefore, he was not final decision maker.

21.    This Defendant affirmatively pleads lack of probable cause.

22.    This Defendant affirmatively pleads that his actions were justified.

23.    This Defendant affirmatively pleads that Plaintiff is not entitled to injunctive relief.

24.    This Defendant affirmatively pleads that Plaintiff is not entitled to declaratory relief.

## PUNITIVE DAMAGES

1.    The award of punitive damages to Plaintiff violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

a.    it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.    the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c.    the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d.    the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e.    the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f.    the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal find for the same or similar conduct which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

g.    the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

2.    Plaintiff's attempt to impose punitive or extra contractual damages on Defendant, on the basis of vicarious liability violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

3.    The award of punitive damages to the Plaintiff in this cause constitutes a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

4.    The award of punitive damages to Plaintiff violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

a.    it is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil Defendant upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.    the procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

c.    the procedures pursuant to which punitive damages are awarded are

unconstitutionally vague;

d.     the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

e.     the award of punitive damages in this case constitutes a deprivation of property without due process of law.

5.     The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

6.     The award of punitive damages to the Plaintiff in this action violates the prohibition against laws that impair the obligations of the contracts in violation of Article I, Section 22 of the Constitution of Alabama.

7.     The imposition of punitive damages in this case for alleged misconduct toward persons other than the plaintiff would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

8.     The imposition of punitive damages in this case would violate the Takings Clause of the Fifth Amendment to the United States Constitution.

9.     The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards of liability for punitive damages in Alabama are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

10. ·    The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the Alabama standards for determining the amount of the award are unduly vague and subjective, and permit

arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

11.    The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because Alabama post-verdict review procedures for scrutinizing punitive damage verdicts do not proved a meaningful constraint on the discretion of juries to impose punishment.

12.    The imposition of punitive damages in this case based upon evidence of defendant's wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

13.    The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to the plaintiff would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

/s/ Rick A. Howard
Rick A. Howard (ASB-9513-W79R)
Ashley Tidwell Britton (ASB-3974-O48M)
Attorneys for Defendant Willie Lake

OF COUNSEL:

Holtsford Gilliland Hitson Howard
        Stevens Tuley & Savarese, P.C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
334-215-8585
334-215-7101 (Facsimile)
rhoward@hglawpc.com
abritton@hglawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/firm e-mail to:

Henry Sanders
Chestnut, Sanders & Sanders, LLC
P.O. Box 129.
Selma, Alabama 36702

on this the 16th day of July, 2026.

/s/ Rick A. Howard
OF COUNSEL